59 A.3d 1061

Shannon D. CAUSION

v.

STATE of Maryland.

No. 1766, Sept. Term, 2010.

Court of Special Appeals of Maryland.

Jan. 23, 2013.

392

Shannon D. Causion, pro se, for appellant.

Jessica V. Carter (Douglas F. Gansler, Atty. Gen., on the brief) Baltimore, MD, for appellee.

Panel: DEBORAH S. EYLER, KEHOE, and IRMA S. RAKER (Retired, Specially Assigned) JJ.

KEHOE, J.

Shannon D. Causion is serving a fifty year sentence for the 1996 murder of Parren Clifton Lee. In 2010, pursuant to Maryland Rule 4–642(d) [1], he asked the Circuit Court for Baltimore City to disclose to him the records of the grand jury proceedings that resulted in his indictment. Causion's request was unusual because there was no pending action, such as a post-conviction proceeding, to which the records might have some relevance. The court denied the motion and Causion has appealed.

The appeal raises two issues: first, whether the order denying Causion's motion to disclose grand jury records is appealable; and second, whether the circuit court erred in denying it. We conclude that the court's order is an appealable final judgment. We further hold that, because Causion's motion was procedurally deficient, the circuit court did not err in denying it.

---

1. Maryland Rule 4–642 permits disclosure of grand jury records in limited circumstances. The rule provides in pertinent part:

   (a) *Court records.* Files and records of the court pertaining to criminal investigations shall be sealed and shall be open to inspection only by order of the court. . . .

   \*     \*     \*

   (d) *Motion for disclosure.* Unless disclosure of matters occurring before the grand jury is permitted by law without court authorization, a *motion for disclosure of such matters* shall be filed in the circuit court where the grand jury convened. . . . In all . . . cases [in which the moving party is not a State's Attorney], the moving party shall serve a copy of the motion upon the State's Attorney, the parties to the judicial proceeding if disclosure is sought in connection with such a proceeding, and such other persons as the court may direct. The court shall conduct a hearing if requested within 15 days after service of the motion.

### Background

After a grand jury indicted Causion for the first degree murder and the use of a handgun to commit the murder, he pleaded guilty to those crimes on June 26, 1997. Based on the State's proffer that multiple witnesses saw Causion repeatedly shoot his victim at point blank range on a busy city sidewalk, the circuit court accepted the plea, convicted Causion, and sentenced him to a term of life with all but fifty years suspended for the murder and a concurrent term of twenty years incarceration for the handgun offense. Causion filed a petition for leave to appeal, which was denied, and a petition for postconviction relief under the Maryland Uniform Post-Conviction Relief Act, which was also denied by the circuit court. He then filed a petition for leave to appeal the postconviction court's denial of his petition, which this Court denied on April 14, 2000. Causion then filed a petition for a writ of *habeas corpus* in the United States District Court for the District of Maryland; the District Court dismissed the petition with prejudice on August 17, 2001. Other motions, *e.g.*, for a reduction in sentence and for an evaluation pursuant to Health General Article § 8–505, failed to yield relief from his convictions and sentences. We now turn to the instant case.

On August 24, 2010, Causion filed a motion seeking disclosure of confidential grand jury testimony pursuant to Md. Rule 4–642(d) and a request for a hearing on that motion. The motion stated in relevant part (grammatical errors and misspellings corrected):

> Petitioner was indicted on October 10, 1996 in the Baltimore City Circuit Court and on August 25, 1997 was sentenced to life with all but 50 years suspended for first degree murder, with 20 years to run concurrently for use of handgun in the commission of a crime of violence.

> Petitioner meets the "particularized need" standard for disclosure of grand jury testimony and minutes in the case at bar in accordance with *Grimm v. State,* 6 Md.App. 321, 331 [251 A.2d 230 (1969) ] (a criminal accused may, in a

proper case be afforded access to grand jury minutes if he demonstrates a particularized need for disclosure.)

Causion gave the following basis for his claim that he had demonstrated a particularized need for access to the grand jury minutes (some grammatical errors and misspellings corrected):

The investigation in question is approximately 15 years old and has since been completed, thus the need for continued secrecy is no longer required. The Grand Jury's operation ended upon the conviction of petitioner in 1997.

Petitioner's request for disclosure is intended to assist in the cross-examination as well as the impeachment of witnesses who testified before the Grand Jury. Particularly, witnesses Philip Williams, Artist Leak, Philip Lee, and Olive Seawright who not only had incentives for providing testimony, but motive for giving statements to Baltimore City police detectives.

Witnesses Phillip Lee and Phillip Williams provided Detectives with different descriptions of a suspect; such inconsistencies were never brought out at trial. Moreover, statements given to police must be consistent with those given to a Grand Jury in order for an accused defendant to obtain the benefit of due process. . . . Petitioner is entitled to the same protection at the appellate level for access to or in camera review of Grand Jury Testimony.

Pursuant to *Wilson v. State,* 4 Md.App. 192, 207 [242 A.2d 194 (1968) ] that court held that the "particularized need" requirement is one which relates to the fairness of the trial. Petitioner has satisfied that requirement. Petitioner avers that the continued secrecy only perpetuates injustice and diminishes the fact-finding mission [of] the Court.

As relief, Causion requested a hearing and that he "be granted disclosure of the minutes and/or an in camera review of the testimony in question."

The certificate of service reflected that the motion was mailed only to the Clerk of the Baltimore City Circuit Court.

The record does not reflect that Causion served, or attempted to serve, the State's Attorney.

By order dated September 1, 2010, the circuit court denied Causion's motion without a hearing. The court's order did not explain its reasoning.

Challenging the denial of his request for access to grand jury records, Causion noted this *pro se* appeal. In Causion's view, he was entitled to a hearing on his motion and, ultimately, to a court order awarding him access to sealed testimony before the grand jury that indicted him for Mr. Lee's murder.

The State moves to dismiss the appeal on the ground that it "is not allowed by these rules or other law." Alternatively, the State argues that the circuit court properly denied Causion's motion on both procedural and substantive grounds.

## I. The State's Motion to Dismiss

The State has moved to dismiss this appeal. Its argument begins with the premise that the jurisdiction of an appellate court is generally limited to final judgments, *see* Courts and Judicial Proceedings ("CJP") Article § 12–301, certain interlocutory orders immediately appealable as allowed by statute, *see, e.g.,* CJP § 12–302, and orders that are appealable through the common law collateral order doctrine. *See, e.g., Kurstin v. Bromberg,* 420 Md. 466, 480, 24 A.3d 88 (2011); *Harris v. State,* 420 Md. 300, 312–13, 22 A.3d 886 (2011). The State then correctly asserts that there is no specific statutory authorization for interlocutory appeals from orders denying access to grand jury records in Maryland. It posits that the only judgment at issue in the case is Causion's conviction, which became final upon the imposition of sentence. Because the circuit court's denial of Causion's motion for disclosure of the grand jury proceedings did not constitute a final judgment in the criminal proceeding, the State argues that the denial of the motion is not appealable. Finally, the State argues that the order is not an appealable collateral order. We agree with the State's suggestions that the order in question is neither an

appealable interlocutory order nor an appealable collateral order but not with the remainder of its reasoning.

We begin with the State's argument that the court's order was not a final judgment. "[A] final judgment is one that either determine[s] and conclude[s] the rights of the parties involved or den[ies] a party the means to prosecut[e] or defend[ ] his or her rights and interests in the subject matter of the proceeding." *Douglas v. State,* 423 Md. 156, 171, 31 A.3d 250 (2011) (internal quotation marks omitted; alterations in original); *Harris v. State,* 420 Md. 300, 312, 22 A.3d 886 (2011) ("[T]o constitute a final judgment, a trial court's ruling must either decide and conclude the rights of the parties involved or deny a party the means to prosecute or defend rights and interests in the subject matter of the proceeding." (internal quotation marks omitted)).

While the question whether an order *denying* access to grand jury records is appealable appears to be one of first impression in Maryland, on several occasions both this Court and the Court of Appeals have exercised appellate review over court orders *granting* such access. *See In re Criminal Investigation No. 437 in the Circuit Court for Baltimore City,* 316 Md. 66, 76, 557 A.2d 235 (1989) (hereafter cited as *"No. 437 "*); *In Re Special Investigation No. 236,* 295 Md. 573, 575, 458 A.2d 75 (1983) (*"No. 236 "*);[2] *In re Criminal Investigation No. 51,843 in the Circuit Court for Prince George's County,* 119 Md.App. 112, 118, 704 A.2d 464 (1998) (*"No. 51,843 "*). Among these decisions, only *No. 236* expressly addressed the basis of the Court's jurisdiction. In that case, the Court of Appeals concluded that the order granting access was a final judgment because: "[o]nce the motion was granted there was nothing more to be done in this particular case. It thus settled the rights of the parties and terminated the cause." 295 Md. at 575, 458 A.2d 75. In the instant case, the order of

---

**2.** The relief sought by the movant in *No. 236* was not only access to records but the return of the actual documents on the ground that they were privileged. *295 Md. at 574, 458 A.2d 75.* But this distinction is not relevant to the issue of appellate jurisdiction.

the circuit court also settled the rights of the parties in that it denied Causion's request to obtain access to the proceedings of the grand jury. There was nothing more that the court could do to give effect to its ruling and Causion sought no other relief. The reasoning in *No. 236* strongly suggests that the court's order in the instant case constituted a final judgment.

■ The State argues that the court's order was not final for two reasons. First, it suggests that the only relevant final judgment is Causion's conviction and that the only available procedural means by which Causion could access the grand jury records would be to re-open his postconviction relief proceeding by means of a request made pursuant to Criminal Procedure Article § 7–104, which permits a court to re-open a postconviction procedure "in the interests of justice." There are two difficulties with this argument. The first is that the State fails to differentiate between Causion's standing to request the grand jury records and our appellate jurisdiction. Put another way, whether an order is a final judgment, and thus appealable, does not depend on the grounds on which the order is based but rather upon the order's effect upon the rights of the parties or their ability to obtain the relief they seek. *See Douglas,* 423 Md. at 171, 31 A.3d 250; *Harris,* 420 Md. at 312, 22 A.3d 886.

Additionally, there is nothing in Rule 4–642(d) that suggests that a grand jury's records cannot be disclosed for purposes not directly related to criminal proceedings stemming from indictments issued by the grand jury. In fact, the law is to the contrary. *See, e.g., United States v. Sells Engineering,* 463 U.S. 418, 421–22, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) (The disclosure of federal grand jury records is permitted to assist a federal civil action under the False Claims Act.); *No. 437,* 316 Md. at 70, 557 A.2d 235 (Circuit court did not abuse its discretion in releasing state grand jury records sought to facilitate federal civil efforts to recover Medicaid overpayments.); *No. 51,843,* 119 Md.App. at 115–16, 704 A.2d 464 (A circuit court would not abuse its discretion by permitting at least some access to grand jury transcripts in order to assist

persons who were never indicted to facilitate their civil claims against police department.).[3]

The State's second argument as to why the court's ruling was not a final judgment is that there is nothing in Rule 4–642

---

3. Additionally—and in contrast with Fed.R.Crim.P. 6(e)(3)(E), ("FRCRP") the corresponding federal rule—Rule 4–642(e), does not require that the request for disclosure be made in connection with pending or anticipated litigation. The legislative history of our rule was discussed by the Court of Appeals in *No. 437*, 316 Md. at 81, 557 A.2d 235 (emphasis added):

We are informed by the Minutes of the Court of Appeals Standing Committee on Rules of Practice and Procedure of 15–16 October 1982 at p. 15 that Rule 4–642[(d)] "to a large extent follows the language of [what is now FRCRP 6(e)(3)(E)] regarding non-disclosure and exceptions to non-disclosure" and it is indeed manifest that the lineaments of the two rules are fundamentally the same. As a practical matter the two rules are apart in only one respect. *The federal rule requires that disclosure be "preliminarily or in connection with a judicial proceeding." The Maryland Rule does not have this requirement.* It goes no further in that respect than to prescribe that "the parties to the judicial proceeding" shall be served with a copy of the motion for disclosure "if disclosure is sought in connection with such a proceeding."

FRCRP 6(e) authorizes disclosure of grand jury records by the government for a variety of reasons, many having to do with the use of such information in other criminal, anti-terrorism and financial fraud investigations. *See* FRCRP 6(e)(3)(A)-(D). Under some circumstances, a prior court order is not necessary but rather the federal agency may notify the District Court of the disclosure. *See* FRCRP 6(e)(3)(D)(ii). The Maryland rules contain no similar provisions.

However, FRCRP 6(e) also permits disclosure under other circumstances after a court order. It is this part of the rule, now codified as FRCRP 6(e)(3)(E), that was the subject of the Court's discussion in *No. 437*. That portion of the rule now reads in pertinent part:

The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:
(i) preliminarily to or in connection with a judicial proceeding;
(ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;
(iii) at the request of the government, when sought by a foreign court or prosecutor for use in an official criminal investigation. . . .

Because disclosure under what is now FRCRP 6(e)(3)(E) must be done "preliminarily to or in connection with a judicial proceeding," federal courts—when they address the issue of jurisdiction—often treat appeals from such orders as reviewable under the collateral order doctrine. *See, e.g., In re Grand Jury Investigation of Ocean Transp.,* 604 F.2d 672, 673 (D.C.Cir., 1979) (per curiam).

that prevents a movant from filing multiple requests for access to grand jury records. In support of this contention, the State cites *Fuller v. State,* 397 Md. 372, 394, 918 A.2d 453 (2007). The issue in *Fuller* was whether a circuit court's denial of an inmate's request to be committed to a drug treatment program pursuant to Health General ("HG") Article 8–507 [4] was an appealable final order. One of Fuller's arguments was that, because the order denying his petition resolved "the issue contained in the petition and left no further action for the circuit court to take," the order constituted a final judgment. *Id.* at 380, 918 A.2d 453. The Court of Appeals rejected this contention. The Court held that such an order was not appealable because HG § 8–507 provided that a petition for commitment to a drug treatment program could be filed "at any time the defendant voluntarily agrees to participate in treatment." 397 Md. at 394, 918 A.2d 453. Therefore, the Court reasoned that the order was not a final judgment because "petitions may be filed repeatedly and the denial of a single petition does not preclude Fuller from filing another." *Id.*

---

**4.** At the time Fuller filed his petition, Section 8–507 of the Health–General Article provided in pertinent part:

(b) In general.—Subject to the limitations in this section, a court that finds in a criminal case that a defendant has an alcohol or drug dependency may commit the defendant as a condition of release, after conviction, or at any other time the defendant voluntarily agrees to participate in treatment. . . .

      ❖     ❖     ❖

(f) Supervision of defendant.—For a defendant committed for treatment under this section, a court shall order supervision of the defendant:

    (1) By an appropriate pretrial release agency, if the defendant is released pending trial;

    (2) By the division of parole and probation . . . ; or

    (3) By the Department, if the defendant remains in the custody of a local correctional facility.

      *     *     *

(n) Credit against sentence.—Time during which a defendant is held under this section inpatient evaluation or inpatient or residential

The analogy to *Fuller* is not convincing. While HG § 8–507 permits multiple petitions for commitment, there is nothing in Rule 4–642 that suggests that a person may file repeated requests for disclosure of grand jury records. To be sure, there is nothing in the rule that explicitly prohibits repeated motions but, as principles such as law of the case and claim and issue preclusion suggest, it is the policy of the State that courts should provide a final resolution to justiciable issues in a single proceeding. HG § 8–507 is the exception, not the rule, and for us to hold otherwise would be to expose the circuit courts to repeated requests for identical relief, a policy completely at variance with traditional concepts of judicial efficiency and finality of judgment.

Causion's request for disclosure was not made in conjunction with other pending litigation. When the circuit court denied his request for the records of the grand jury proceedings that resulted in his indictment, it resolved the issue before it as comprehensively as had the circuit court in *No. 236*. As in *No. 236*, the court's order "settled the rights of the parties and terminated the cause." 295 Md. at 575, 458 A.2d 75. We hold that the order denying Causion's motion is reviewable on appeal as a final judgment.[5] We turn now to the merits of the appeal.

## II.  The Standards Governing Disclosure of Grand Jury Records

Although "[s]ecrecy is the lifeblood of the grand jury[,]" *No. 437*, 316 Md. at 76, 557 A.2d 235, Maryland Rule 4–642 permits disclosure of grand jury records in limited

---

treatment shall be credited against any sentence imposed by the court that ordered the evaluation or treatment.

\*    \*    \*

5. We express no opinion as to whether the denial of motion for disclosure made in conjunction with other litigation would be appealable on an interlocutory basis. *Cf. Harris v. State*, 420 Md. at 331, 22 A.3d 886 (Harris's appeal of the trial court's denial of his motion for a protective order to prevent disclosure of medical records was not appealable as either a statutorily authorized interlocutory order or under the collateral order doctrine.).

circumstances. "The rule is clear, inspection of grand jury files and records, not otherwise allowed by law without one, is permitted only upon order of court, after hearing on a motion filed in the circuit court where the grand jury is convened." *State Prosecutor v. Judicial Watch*, 356 Md. 118, 132, 737 A.2d 592 (1999). Moreover, a motion pursuant to Rule 4–462 is the exclusive means for access to grand jury records. *Id.*

Because the rule "does not offer or suggest a standard for the trial court to follow when deciding to issue a disclosure order .... [t]he Court of Appeals has filled this void by holding that 'when a court order for disclosure is requested, there must be a strong showing of a 'particularized need' before disclosure is permitted.' " *No. 51,843*, 119 Md.App. at 118, 704 A.2d 464 (quoting *No. 437*, 316 Md. at 82, 557 A.2d 235). More specifically, to obtain court-ordered disclosure of grand jury material, the moving party has the burden to prove the following:

1) the material they seek is needed to avoid a possible injustice; and

2) the need for disclosure is greater than the need for continued secrecy; and

3) their request is structured to cover only material so needed.

*No. 437*, 316 Md. at 85, 557 A.2d 235. *See also No. 51,843*, 119 Md.App. at 118–19, 704 A.2d 464.

Finally, "[t]he trial court has wide discretion in deciding whether the party seeking disclosure has met the burden of demonstrating that the need for disclosure outweighs the need for secrecy." *No. 51,843*, 119 Md.App. at 120, 704 A.2d 464. Thus, appellate courts review a ruling on a Rule 4–642(d) motion for errors of law in the application of these principles and for abuse of discretion in the ultimate decision regarding disclosure. *Id.*

### III. The Merits of Causion's Motion

The circuit court denied Causion's motion without comment and without the hearing that Rule 4–462(d) requires.

Causion's contention that the court erred in so doing is not persuasive. The record indicates that Causion undisputedly failed to "serve a copy of the motion upon the State's Attorney," as expressly required by Rule 4–642(d). Causion's certificate of service states that the motion was mailed only "to the Clerk of the Baltimore City Circuit Court at 111 North Calvert Street, Baltimore, Maryland 21202." Moreover, the State did not waive its right to notice by filing an opposition to Causion's motion.

In his brief, Causion argues that the circuit court erred in failing to provide him with a hearing but, under the circumstances, a hearing would have been a futile exercise because the State's Attorney had not received notice of the motion. While the circuit court did not explain the grounds for its ruling, we assume that the court denied the motion because Causion failed to properly notify the State's Attorney. " 'Trial judges are presumed to know the law and to apply it properly.' " *State v. Chaney*, 375 Md. 168, 179, 825 A.2d 452 (2003) (quoting *Ball v. State*, 347 Md. 156, 206, 699 A.2d 1170 (1997)). This interpretation of the ruling explains why, despite Causion's request for a hearing, the court immediately denied the motion without holding one.

As the State acknowledges, because the order did not address the merits of Causion's claim that he is entitled to disclosure for the reasons stated in his motion, Causion is not barred from filing another motion seeking disclosure on the same grounds. We offer the following if he chooses to do so and serves the proper party.

To prevail, Causion must satisfy the standards discussed in Part II. While the decision whether or not to grant access is a matter of the circuit court's discretion, two aspects of Causion's attempt to articulate a "particularized need" appear especially problematic from the record before us.

In his motion, Causion asserted that disclosure is necessary to "assist in the cross-examination as well as the impeachment of [w]itnesses who[ ] testified before the grand [j]ury" and to investigate "inconsistencies that were never brought out at

trial." In his brief to this Court, he argues that because he "was never afforded pre-trial discovery disclosure" and that witnesses who testified before the grand jury also "likely" gave statements to police, he "is entitled to the same rights" now that he would have had if he had gone to trial. In Causion's view, if the denial of his motion for disclosure "stands," "it will interfere with the fact finding process" and his "right to impeach."

The flaw in all of these arguments is that the fact-finding process in Causion's criminal proceeding was concluded long ago when he voluntarily waived his right to a trial and knowingly pleaded guilty to first degree murder. *See, e.g., Boykin v. Alabama,* 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) ("A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers." (citation omitted)); *Sutton v. State,* 289 Md. 359, 364, 424 A.2d 755 (1981) ("An acceptable guilty plea is an admission of conduct that constitutes all the elements of a formal criminal charge. An accused who pleads guilty waives any and all defenses. In addition, such an accused waives the right to a jury or court trial. Thus, a plea of guilty, once accepted, is the equivalent of a conviction." (citations omitted)). There is not—and, on the record before us, never will be—any necessity for Causion to cross-examine or impeach the witnesses in question because he has waived his right to do so.

Additionally, Causion is incorrect in his statement in his motion that, because the grand jury in question has long ago completed its deliberations, "the need for continued secrecy is no longer required." That the grand jury has been discharged reduces, but does not obviate, the strong public interest in secrecy in grand jury proceedings. This Court addressed the point in *No. 51,843:*

"For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the

possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. . . . Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities."

119 Md.App. at 117, 704 A.2d 464 (quoting *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 219, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979)).

**THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY IS AFFIRMED.**

**APPELLANT TO PAY COSTS.**